UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

        Petitioner,

                                            CASE NO. 2:06-CV-10249
v.                                  HONORABLE BERNARD A. FRIEDMAN

HELEN MARBERRY,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

        This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Petitioner Jack Smith, a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, is challenging a Federal Bureau of Prisons' disciplinary decision.  For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus, and denies Petitioner's motion for appointment of counsel.

I.       Facts

        While confined at the Federal Correctional Institution in Milan, Michigan, Petitioner was charged with Possession, Manufacture, or Introduction of a Weapon for duct taping a nine-inch sharpened weapon under another inmate's bunk following a card gambling dispute in order to cause that inmate to lose his residential drug treatment release.  Following a hearing, Petitioner was found guilty of the charged offense and received disciplinary sanctions including loss of good conduct time and loss of privileges.

Petitioner pursued an administrative appeal with the North Central Regional Office, which was denied.  Petitioner does not allege or establish that he pursed on appeal with the Office of General Counsel prior to filing this action.  In his habeas pleadings, Petitioner asserts that documents relative to his hearing were forged, that he was denied his legal rights, and that the outcome of his misconduct hearing was affected.

II.     Analysis

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003).  The burden is on the petitioner to prove exhaustion.  *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner has not met his burden of showing exhaustion of administrative remedies.  Petitioner has not demonstrated that he has completed his appellate rights within the Bureau of Prisons by filing an appeal with the Office of General Counsel before proceeding to this Court.

Petitioner has not shown that exhaustion would be futile.  Exhaustion requires that Petitioner fairly present his claims to the Bureau of Prisons on appeal, but does not require that the Bureau of Prisons rule on the merits of those claims.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  Presentation of the claims is sufficient to satisfy exhaustion.  "If the Court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which the court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented and wholly undermined." *Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980).  Petitioner must attempt to fully exhaust his administrative remedies before seeking

federal habeas relief in this Court.

III.      Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his

administrative remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the

petition for writ of habeas corpus.  Given this determination, the Court also **DENIES** Petitioner's

motion for appointment of counsel.

**IT IS SO ORDERED**.


                                                                  s/Bernard A. Friedman
                                                            BERNARD A. FRIEDMAN
                                                            UNITED STATES DISTRICT JUDGE

DATED: February 8, 2006