UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JACK SMITH,

       Petitioner,

                                        CASE NO. 2:06-CV-10249
v.                                   HONORABLE BERNARD A. FRIEDMAN

HELEN MARBERRY,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING PETITIONER'S MOTIONS
FOR EMERGENCY INJUNCTIVE PROTECTION AND TO SHOW CAUSE**

This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Petitioner Jack Smith, a

federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan,

has filed a petition for writ of habeas corpus challenging a Federal Bureau of Prisons'

disciplinary decision.  Petitioner has also filed motions for emergency injunctive protection and

to show cause.  For the reasons set forth below, the Court denies the petition for writ of habeas

corpus and denies the motions for emergency injunctive protection and to show cause.

I.     Facts

Petitioner was convicted of distribution of a controlled substance in the United States

District Court for the Northern District of Illinois and sentenced to a term of 54 months

imprisonment and four years of supervised release on January 23, 2003.  His current projected

release date is June 16, 2007.

On May 24, 2005, while confined at the Federal Correctional Institution in Milan,

Michigan, Petitioner was charged with Possession, Manufacture, or Introduction of a Weapon for duct taping a nine-inch sharpened weapon under another inmate's bunk following a card gambling dispute in order to cause that inmate to lose his residential drug treatment release.  A disciplinary ("DHO") hearing was conducted on June 9, 2005.  Following that hearing, Petitioner was found guilty of the charged offense and received disciplinary sanctions including loss of good conduct time, disciplinary segregation, and loss of privileges.

On June 22, 2005, Petitioner filed an administrative appeal with the North Central Regional Office in which he asked for a continuance of the DHO hearing due to the absence of his requested staff representative (Counselor B. Brewington) and claimed that he was unable to call or obtain a written statement from witnesses.  The Regional Office denied his appeal finding that no staff representative or witnesses were requested.  The Notice of Disciplinary Hearing indicated that Petitioner initially requested a staff representative but later withdrew his request, and that Petitioner did not request any witnesses.  Petitioner then pursed on appeal with the Office of General Counsel in which he raised the same claims and asserted that the Notice of Disciplinary Hearing was forged.  The Office of General Counsel denied his appeal finding that no forgery occurred.

Petitioner filed the instant petition on January 19, 2006.  In his pleadings, Petitioner asserts that he was denied his right to a staff representative and to present witnesses at his disciplinary hearing, that documents relative to his hearing were forged, and that the outcome of the hearing was affected.  Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

II.     Analysis

2

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a criminal defendant in such a case do not apply. As enunciated by the United States Supreme Court, the minimum due process requirements for a prisoner in a disciplinary hearing are: (1) written notice of the charges at least 24 hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the factfinder of the evidence relied upon and the reason for any action taken. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). In this case, the record reveals that Petitioner was accorded all the process he was due in his disciplinary proceedings.

Petitioner first asserts that he is entitled to habeas relief because he was denied a staff representative at his DHO hearing. Respondent concedes that Petitioner initially requested Counselor Brewington as a staff representative, but contends that Petitioner subsequently waived his right to a staff representative when he was informed that she was unavailable. Having reviewed the record, the Court agrees with Respondent. The record indicates that Petitioner requested Ms. Brewington as his staff representative, that she was unavailable at the time of the hearing, and that Petitioner waived his right to a staff representative (Respondent's Exhibits 4, 8, 9, 10). Although Petitioner contents that his signature on the Notice of Disciplinary Hearing form is forged. He presents no evidence to support this allegation. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Further, as noted by Respondent, his signature varies on several documents and is not so different from at least one of those signatures so as to support an inference of forgery. Habeas relief is not warranted on this claim.

Petitioner next asserts that he is entitled to habeas relief because he wanted to call a fellow inmate, Elmore McLemore, as a witness at the DHO hearing, but was unable to do so. This claim

is belied by the record.  Both the original and allegedly falsified Notice of Discipline Hearing

forms (Petitioner's Exhibits 3 & 4) indicate that Petitioner did not request witnesses.  Additionally,

Respondent has provided affidavits from a disciplinary committee member and the DHO which

indicate that Petitioner did not request inmate McLemore as a witness (Respondent's Exhibits 8 &

9).  Petitioner has failed to establish that he was denied his right to present witnesses at his

disciplinary hearing.  Further, Petitioner has not established prejudice from any alleged failure to

allow him to present witnesses.  He has not indicated what testimony would have been provided

nor established that it would have affected the outcome of the disciplinary proceedings.  Habeas

relief is not warranted on this claim.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief

on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE**

the petition for writ of habeas corpus.  Given this determination, the Court also **DENIES**

Petitioner's motions for emergency injunctive protection and to show cause.

**IT IS SO ORDERED**.


                                                  s/Bernard A. Friedman
                                                  BERNARD A. FRIEDMAN
                                                  UNITED STATES DISTRICT JUDGE

DATED: June 22, 2006